# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7172 | **DATE** | 5/23/2003 |
| **CASE TITLE** | Michael W. Chiu vs. John Au et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) [11-1] is granted. All other pending motions are denied as moot. This case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. CHIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 7172 |
| ) | |
| JOHN AU, AKZO CHEMICAL LTD., ) | Wayne R. Andersen |
| CANADA, AKZO CHEMICAL INC., ) | District Judge |
| USA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendant Akzo Nobel Chemicals, Inc. to dismiss plaintiff Michael Chiu's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Michael Chiu is a Canadian citizen who has alleged that he worked as a "technical specialist" in the "food and polymer industries" since graduating from college in Canada in the late 1970's. (Complt. at ¶ 14.) Defendant Akzo Nobel Chemicals, Inc. ("Akzo USA") is an American company with its principal place of business in or around Chicago, Illinois. (Complt. at ¶ 4.)

While the complaint is largely incoherent, the primary thrust of Chiu's complaint is that the defendants made "a series of obscene negative statements and profile, defamation and negative references, gossips, vulgar languages, ethnic and racial slurs and derogatory remarks

into the industries in Canada and the United States beginning in 1977." (Complt. at ¶ 5.) From what we can gather from the disjointed allegations in the complaint, defendant John Au apparently worked for Akzo USA's Canadian subsidiary sometime between 1977 and the present. While working as an Akzo employee, Au allegedly made a series of derogatory and defamatory statements about the plaintiff that damaged his ability to find employment in the "food and polymer industries." In addition, Chiu has alleged that Au and the corporate defendants engaged in other unsavory activities, including "[p]hysical threat and intimidation, physical swarming against the plaintiff's family members, murder plot was engaged against the plaintiff and his family and members of individuals he associated with." (Complt. at ¶ 6.) Further, "[b]lackmail for sex was taken place against the plaintiff's former female schoolmates and colleagues" and "[t]he plaintiff's personal belongings and property were stolen and vandalized." (*Id.*)

On October 4, 2002, the plaintiff filed the instant defamation and slander suit against Au and the corporate defendants. To date, only Akzo USA has been properly served with a summons and a copy of the complaint. Service on Au and Akzo Chemical, Inc. (Canada) was attempted but apparently was unsuccessful. The complaint purports to allege violations of "the Canadian constitution of Charter of Rights and Freedoms, and the Slander and Libel Act, and the Courts of Justice Acts of Canada and United States, and the Human Rights Code, and the section 264 and 301 and 319 subsec. (1), (2) of Criminal Code R.S., C-34, S.262 and R.S.C. 1984, C.27, S.37 and R.S., c.11 (1st Supp.), s.1 (as amended), and R.S., c. C-34, S.266." (Complt. at ¶ 20.) In a supplemental pleading, which we have construed as an amended complaint, he also has alleged that he is entitled to relief based on the following sections of the

2

Illinois Code: 740 ILCS § 145/1, 740 ILCS § 145/2, 720 ILCS § 5/1-3, 1-4, 1-5, and 1-6(E)(L), 720 ILCS § 5/8.21(a)(b), 775 ILCS 5/6-101(A)(B)(C), and 720 ILCS 5/26-1(a). In response to these pleadings, Akzo USA has moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept all well-pled facts as true and "draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001) (citing *Rueth v. United States Envtl. Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993)). "[I]n reviewing a *pro se* complaint, we must employ standards less stringent than if the complaint had been drafted by counsel." *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). "However, this does not mean that we will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). The plaintiff in a civil case is responsible for demonstrating that "diversity or federal question jurisdiction exists." *Minor v. Prudential Services, Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996).

Before we delve into the merits of the motion to dismiss, we would briefly like to address some of the inaccuracies present in the plaintiff's "pleadings" to the Court. We put the word pleadings in quotation marks because virtually all of the court copies we received from the plaintiff were sent via facsimile. To file any paper or pleading in this Court by fax is a violation of both Clerk's office policy and the binding local rules of this Court. On a substantive note, Mr. Chiu is under the misapprehension that he is entitled to a default judgment in this case. Apparently, he believes that, because the defendants have not filed an

answer to his complaint, he is entitled to a Rule 55 default judgment. This is incorrect. Rule 12 of the Federal Rules specifically contemplates that a defendant to an action may file either an answer to a complaint or a Rule 12(b) motion. In this case, Akzo USA filed a timely 12(b)(1)/(6) motion. Thus, the plaintiff is not entitled to a default judgment.

I.  **Lack of Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts may assert jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. To establish federal question jurisdiction in this case, Chiu must show either: 1) that a federal statute grants the Court jurisdiction; or 2) that there is common law jurisdiction to a "uniquely federal interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424, 1426-27 (7th Cir. 1992).

In the complaint in this case, the plaintiff has made reference to a variety of statutes, most of which, aside from the Illinois statutes, are completely unfamiliar to us. The defendant has stated in its motion that the authorities cited in the complaint are from the Canadian Constitution or from Canadian statutory law. We do not disagree. For obvious reasons, Canadian tort law is not sufficient to trigger our federal question jurisdiction in this case. This conclusion is bolstered by the fact that the plaintiff's claims are in the nature of common law libel, slander, and defamation of character. While it is true that such claims are cognizable under Canadian or Illinois state tort law, it is undeniable that they do not arise under the Constitution, laws, or treaties of the United States. Therefore, we conclude there is no federal question jurisdiction present in this case.

## II. Lack of Diversity Jurisdiction

The original jurisdiction of federal district courts under 28 U.S.C. § 1332 (diversity jurisdiction) is limited to cases between, *inter alia*, citizens of different states, or citizens of a state and a foreign state, in which the "matters in controversy exceed [] $75,000." 28 U.S.C. § 1332(a). Section 1332 has been interpreted to require "complete diversity," that is, each and every defendant must have different citizenship from each and every plaintiff. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). It is undisputed that the amount in controversy in this case exceeds the jurisdictional amount of $75,000. However, Akzo USA has asserted in its motion that complete diversity is lacking.

On this issue, we turn to the Seventh Circuit's ruling in *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425 (7th Cir. 1993). In that case, the court considered the scope of diversity jurisdiction when citizens of foreign countries are involved in a lawsuit. Specifically, the court was asked to consider what impact the presence of foreign citizens on both sides of a lawsuit has on diversity jurisdiction. *See id.* at 428. The Seventh Circuit observed that the lack of complete "diversity" (the presence of foreign parties on both sides of the litigation) does not destroy federal subject matter jurisdiction under Section 1332. Rather, the court held that when one side of the litigation has only foreign parties and the other side a mixture of foreign and domestic parties, jurisdiction fails, not for lack of complete "diversity," but because there is no jurisdictional "pigeonhole" in Section 1332(a) in which the case will fit. *Id. See also Israel Aircraft Indus. Ltd. v. Sanwa Business Credit Corp.*, 16 F.3d 198, 202 (7th Cir. 1994) ("the statute creating the diversity jurisdiction does not

5

contemplate an alignment of alien versus citizen plus alien.").

In this case, we are presented with an alignment in the pleadings that runs afoul of this Seventh Circuit precedent. On one side of the "v," the plaintiff Michael Chiu is a citizen of Canada who is domiciled in Toronto, Ontario. (Complt. at ¶ 1.) Thus, for purposes of the diversity statute, he is a "citizen[] or subject[] of a foreign state." On the other side of the "v," two of the defendants, John Au and Akzo Chemical Ltd (Canada), are foreign citizens while Akzo USA is a domestic corporation. Accordingly, because the Seventh Circuit has stated there is no Section 1332(a) jurisdictional "pigeonhole" for an alignment such as this (foreign citizen versus foreign citizen and domestic citizen), *Allendale*, 10 F.3d at 428, we conclude that diversity jurisdiction is lacking in this case.

### III.  Lack of Civil Rights Jurisdiction

Finally, the plaintiff has asserted in his complaint that this Court has subject matter jurisdiction to hear his slander and defamation lawsuit pursuant to 28 U.S.C. § 1343 (civil rights jurisdiction). Pursuant to Section 1343(a)(3), federal district courts shall have original jurisdiction to "redress the deprivation, under color of any State law, . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). Section 1343(a)(4) states that we have jurisdiction to hear cases to "recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." 28 U.S.C. § 1343(a)(4).

First, with respect to Section 1343(a)(4), the plaintiff has not alleged that the

defendants violated any specific congressional act protecting his civil rights as a Canadian citizen. Thus, jurisdiction is improper under this statute. Jurisdiction under Section 1343(a)(3) is only proper if the plaintiff can allege that a violation of his civil rights occurred under color of state law. In laymen's terms, this means that Mr. Chiu must establish that the defendants, when they allegedly violated his civil rights, were acting as government agents. It is clear from the face of his complaint that the plaintiff has not done this (nor could he do so). All of the defendants are private citizens or corporations and it is obvious they have no actual or apparent authority to act under color of state law. Therefore, we conclude that we do not have civil rights jurisdiction over this lawsuit.

Because we have determined that we lack subject matter jurisdiction to consider Mr. Chiu's complaint, it is unnecessary for us to consider the defendant's remaining arguments brought pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) [Docket #11-1] is granted. All other pending motions are denied as moot. This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 23, 2003